UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                                CRIMINAL ACTION

VERSUS                                                  NO. 13-101

MARK MORAD, ET AL.                                      SECTION: R

### ORDER AND REASONS

Defendant Joe Ann Murthil moves the Court to permit her release from imprisonment pending the outcome of her appeal of her conviction and sentence.[1] As a general rule, the Court shall order any person who has been found guilty and sentenced to a term of imprisonment be detained on appeal. 18 U.S.C. § 3143(b). The Court shall order the defendant's release, however, when the defendant shows that (1) the defendant is not likely to flee or pose a danger to others; (2) the appeal is not for purposes of delay; (3) the appeal raises a substantial question of law or fact; and (4) the substantial question, if decided favorably to the defendant, is likely to result in reversal, an order for new trial, a sentence without imprisonment, or a sentence with reduced imprisonment. *United States v. Clark*, 917 F.2d 177, 179 (5th Cir. 1990) (citing Fed. R. App. P. 9(c); 18 U.S.C. § 3143(b)).

---

[1] R. Doc. 596.

Here, Murthil has failed to show that her appeal raises a substantial question of law or fact.  A "substantial question" is "one that is 'close' or 'that could very well be decided the other way.'"  *Id.* at 180 (citing *United States v. Valera-Elizondo*, 761 F.2d 1020, 1024 (5th Cir. 1985)).  In other words, "the issue presented must raise a substantial doubt (not merely a fair doubt) as to the outcome of its resolution."  *Valera-Elizondo*, 761 F.2d at 1024.  On appeal, Murthil intends to challenge the sufficiency of the evidence supporting her conviction and the Court's sentencing her to a term of imprisonment, rather than probation.[2]

When faced with a sufficiency-of-the-evidence challenge, the Court of Appeals must determine "whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  *United States v. Bass*, 310 F.3d 321, 325 (5th Cir. 2002).  The appellate court "views

---

[2]   R. Doc. 596-1.  Murthil also intends to challenge the Court's restitution order, but this issue, if decided in her favor, will not result in reversal of Murthil's conviction, a new trial, a sentence without imprisonment, or a sentence with reduced imprisonment.

In addition, Murthil represents, without further explanation, that she "has been unable to obtain transcripts of the trial" and that therefore the Court should delay Murthil's surrender date until her counsel can "preliminarily review the trial transcripts . . . and more fully catalog the potential issues."  *Id.* at 5.  The record reflects that the trial transcripts have been available for Murthil's review since January 14, 2016.  See R. Docs. 547-551.  There is no excuse for counsel's failure to review the transcripts until now.

all evidence in a light most favorable to the government with all reasonable inferences and credibility choices to be made in support of the jury's verdict." *Id.* At Murthil's trial, the Government presented sufficient evidence to support the jury's finding Murthil guilty on all counts. The evidence showed that Murthil had years of experience in the home healthcare industry, working primarily as a biller who submitted claims for reimbursement to Medicare. Several co-conspirators also testified as to Murthil's knowledge of and involvement in the overall healthcare fraud scheme.

As to her sentence, Murthil argues that the Court should have imposed a term of probation, rather than imprisonment. If this argument rests on the Court's denying Murthil's motion for a downward departure, it is without merit. An appellate court has "jurisdiction to review a district court's decision not to depart downward only if the district court based its decision on an erroneous belief that it lacked the authority to depart." *United States v. Alaniz*, 726 F.3d 586, 627 (5th Cir. 2013). This Court expressly considered Murthil's arguments for a term of probation, the applicable law, and the advisory sentencing guidelines before sentencing Murthil to forty-eight months imprisonment. If Murthil's argument rests on the Court's evaluation of the sentencing factors in 18 U.S.C. § 3553(a), "the sentencing judge is in a superior position to find facts and judge their import under § 3553(a) with

respect to a particular defendant[,]" and Murthil's sentence is not substantively unreasonable. *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008).

Accordingly, these assignments of error do not present substantial questions of law or fact that warrant Murthil's release pending the outcome of her appeal. The Court DENIES Murthil's motion.

New Orleans, Louisiana, this <u>18th</u> day of April, 2016.

_____

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE